JUDGE FURMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

13 CV 0587

| | |
|---|---|
| HEATHER SILER and THERESA LEE, individually and on behalf of all other persons similarly situated who were employed by LANDRY'S SEAFOOD HOUSE – NORTH CAROLINA, INC. d/b/a LANDRY'S INC. d/b/a VIC & ANTHONY'S and/or any other entities affiliated or controlled by LANDRY'S SEAFOOD HOUSE – NORTH CAROLINA, INC. d/b/a LANDRY'S INC. d/b/a VIC & ANTHONY'S, | Index No.: <br><br> **CLASS ACTION COMPLAINT** |
| Plaintiffs, <br><br> - against - <br><br> LANDRY'S SEAFOOD HOUSE – NORTH CAROLINA, INC. d/b/a LANDRY'S INC. d/b/a VIC & ANTHONY'S, and/or other entities affiliated or controlled by LANDRY'S SEAFOOD HOUSE – NORTH CAROLINA, INC. d/b/a LANDRY'S INC. d/b/a VIC & ANTHONY'S, <br><br> Defendants. | **JURY TRIAL** <br><br>  |

Plaintiffs, by their attorneys, VIRGINIA & AMBINDER, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206 and 216(b), New York Labor Law § 190 *et seq.*, New York Labor Law § 633, and New York Labor Law § 650 *et seq* ; on behalf of Plaintiffs and a putative class of individuals who furnished labor to Defendants LANDRY'S SEAFOOD HOUSE – NORTH CAROLINA, INC. d/b/a LANDRY'S INC. d/b/a VIC & ANTHONY'S, and/or other entities affiliated or controlled by LANDRY'S SEAFOOD HOUSE – NORTH CAROLINA, INC. d/b/a LANDRY'S INC. d/b/a VIC & ANTHONY'S (collectively "Vic & Anthony's" or "Defendants") to recover unpaid

1

minimum wages, unpaid tips and gratuities for work, and compensation for failure to provide paystubs, performed on behalf of Defendants by Plaintiffs and other members of the putative class.

2. Defendants operate a business engaged in the food service and restaurant industry.

3. Beginning in approximately February 2012 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of paying its tipped employees a wage less than the minimum wage for non-tipped employees, without following the provisions of 29 U.S.C. § 203(m), which require that "all tips received by such employee[s] have been retained by the employee[s]."

4. Beginning in approximately February 2012 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of unlawfully retaining the tips of employees in violation of New York Labor Law Article 6 § 196-d and the cases interpreting the same.

5. Beginning in approximately February 2012 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to provide its employee with a paystub for each pay period worked.

6. Plaintiffs have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including minimum wages, unpaid tips and gratuities, and payments for failing to provide paystubs, that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

7. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

8. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

9. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

10. Venue for this action in the Southern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York.

## THE PARTIES

11. Plaintiff Heather Siler is an individual and resident of New York, New York, who was employed by Defendants as a waiter from approximately March 2012 to August 2012.

12. Plaintiff Theresa Lee is an individual and resident of New York, New York, who was employed by Defendants as a waiter from approximately April 2012 to November 2012.

13. Upon information and belief, Defendant Landry's Seafood House – North Carolina, Inc. is a foreign business corporation organized and existing under the laws of North Carolina and authorized to do business in New York, with its principle place of

business at 233 Park Ave South, New York, New York 10003, and is engaged in the restaurant business.

14. Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

15. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 14 hereof.

16. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

17. This action is brought on behalf of Plaintiffs and a class consisting of similarly situated employees who worked for Defendants in their restaurant as bussers, waiters, hosts, captains, runners, bartenders and all other employees who regularly and customarily receive tips.

18. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay minimum wages and unlawfully retaining employees' tips.

19. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

20. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact

include, but are not limited to, whether Defendants' unlawfully retained employees' tips and whether Defendants failed to provide a proper paystub for all work periods.

21. The claims of the named Plaintiffs are typical of the claims of the putative class members. Plaintiffs and putative class members were all subject to Defendants' policies and willful practice of unlawfully retaining the tips and gratuities of employees and failing to provide proper paystubs for all work periods.

22. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Plaintiffs have retained counsel experienced in complex wage and hour collective and class-action litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

24. Beginning in approximately February 2012, Defendants employed Plaintiffs and other members of the putative class in their restaurant as bussers, waiters, hosts, captains, runners, bartenders and other employees who regularly and customarily receive tips.

25. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendants constitutes an "enterprise engaged in commerce."

26. The payments made to Plaintiffs and other members of the putative class by Defendants, and gratuities received by Plaintiffs and other members of the putative class, constitute "wages"

27. While working for Defendants, Plaintiffs and the members of the putative collective and class were regularly required to perform work for Defendants, without receiving proper minimum wages, nor retaining all tips and gratuities, as required by applicable federal and state law.

28. Plaintiff Siler worked for Defendants from approximately March 2012 to August 2012 as a waiter. Plaintiff Siler was paid approximately $5.00 to $7.25 per hour plus tips. Plaintiff Siler's schedule varied from week to week.

29. Plaintiff Lee worked for Defendants from approximately April 2012 to November 2012 as a waiter. Plaintiff Lee was paid approximately $5.00 to $7.25 per hour plus tips. Plaintiff Lee's schedule varied from week to week.

30. Plaintiffs and members of the putative class were regularly required to work banquet events that took place at Defendants' restaurant.

31. Defendants included a mandatory service charge on the total bill for all banquet events.

32. Defendants held out to customers, and customers reasonably believed, that this service charge was a gratuity and would be paid as compensation, in part, to Plaintiffs and members of the putative class who worked the catered events.

33. Plaintiffs and members of the putative class retained a flat fee when working banquet events. Upon information and belief, the remainder of the service charge was retained by Defendants, Defendants' agents, and other individuals who

customarily and regularly do not receive tips as that term is defined under Federal and New York law and cases interpreting same.

34. As a result, Defendants were ineligible to take a "tip-credit" and pay employees less than the minimum wage for non-tipped employees.

35. Plaintiffs and upon information and belief, members of the putative class, did not receive paystubs for weeks worked in which their paycheck was equal to zero dollars.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA MINIMUM WAGE COMPENSATION

36. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 35 hereof.

37. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

38. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

39. Plaintiffs and other members of the putative class are employees, within

7

the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

40. Landry's Seafood House – North Carolina Inc. constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

41. Defendants failed to pay Plaintiffs and other members of the putative class all earned minimum wages for the time they worked for Defendants in any given week.

42. Pursuant to 29 U.S.C. § 203(m), a "tip credit" against the minimum wage may only be taken against the minimum wage where "all tips received by such employee have been retained by the employee, except [for] the pooling of tips among employees who customarily and regularly receive tips."

43. Defendants required tipped employees to share tips with Defendants, sales employees, managers, and other employees who do not "customarily and regularly receive tips."

44. Defendants illegally claimed a tip credit against the minimum wage for its tipped employees, when such a credit was not legally permissible.

45. The failure of Defendants to pay Plaintiffs and other members of the putative class their rightfully owed wages was willful.

46. By the foregoing reasons, Defendants are liable to Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK LABOR LAW ARTICLE 6

47. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 46 hereof.

48. Gratuities provided by Defendants' patrons to Plaintiffs and other

members of the putative class constitute "wages" as that term is defined under Article 6 of the New York Labor Law, specifically including but not limited to Labor Law §§ 193, 196-d, 198(3).

49. Pursuant to New York Labor Law § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

50. Landry's Seafood House – North Carolina Inc. is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

51. Plaintiffs and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

52. By requiring Plaintiffs and members of the putative class to give earned gratuities to Defendants, managers, sales employees, and others who do not customarily and regularly receive tips, Defendants violated New York Labor Law § 196-d.

53. Upon information and belief, Defendants' improper retention of gratuities earned by Plaintiffs and other members of the putative class was willful.

54. By the foregoing reasons, Defendants have violated New York Labor Law § 190 *et seq.* and are liable to Plaintiffs and other members of the putative class who performed work for Defendants in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION:
## NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

55. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 54 hereof.

56. Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, Plaintiffs paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

57. According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every work week that they did not receive a proper paystub.

58. Upon information and belief, Plaintiffs and members of the putative class did not receive proper paystubs for all work weeks.

59. By the foregoing reasons, Defendants have violated New York Labor Law § 198-1(d) and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiffs, individually and on behalf of all other persons similarly situated demand judgment:

(1) on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs,

(2) on their second cause of action against Defendants, in an amount to be determined

at trial, damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(3) on their third cause of action against Defendants, in an amount to be determined at trial, damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections; and

(4) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
       January 24, 2013

By: _____
Lloyd R. Ambinder
Kara S. Miller
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006
kmiller@vandallp.com
Tel:  (212) 943-9080
Fax:  (212) 943-9082